635 A.2d 638

**Marsha E. SCHMIDT, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed Dec. 14, 1993.

Bruce E. Cooper, Harrisburg, for appellant.

Stephen L. Banko, Harrisburg, for appellee.

Before DEL SOLE, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the July 9, 1992 order granting appellee's, State Farm Mutual Automobile Insurance Co., preliminary objection in the nature of a motion to dismiss. Appellant, Marsha E. Schmidt, presents the following question for our review:

Did the lower court err in retroactively applying 75 Pa. C.S.A. § 1797(b), a 1990 statute, to an insurance contract entered into in 1988 thereby dismissing the Appellant's Complaint?

Appellant's Brief at 1. For the reasons set forth below, we affirm.

The instant action arises out of a November 1, 1991 complaint filed by appellant for payment of medical expenses under an insurance contract entered into between herself and appellee. Appellee filed a preliminary objection alleging that as it had complied with the peer review procedures set forth in 75 Pa.C.S. § 1797(b) [1] and as appellant had not exhausted the statutory remedies set forth therein, appellant's complaint should be dismissed. The trial court granted appellee's preliminary objection and this timely appeal followed.

---

[1] This peer review plan was implemented to provide a more efficient method of reviewing the legitimacy and necessity of medical treatment provided to injured persons covered under automobile insurance policies.

75 Pa.C.S. § 1797, as amended on February 7, 1990, applies to "payments by property and casualty insurers for medical treatment or services rendered on or after April 15, 1990, for the treatment or care of persons covered by automobile insurance...." 31 Pa.Code Ch. 68, § 1(a). As appellant's underlying action relates to medical expenses incurred on or after April 30, 1991, the present version of section 1797 should apply to the case at bar. Appellant argues, however, that as her insurance contract predated the February 7, 1990 amendments and as 75 Pa.C.S. § 1797(b) impairs her substantive rights under her insurance contract, section 1797(b) should not apply here. We disagree.

In *Lynn v. Prudential Property and Casualty*, 422 Pa.Super. 479, 619 A.2d 779 (1993), this court reasoned that as 75 Pa.C.S. § 1797(b) merely changes the procedure for challenging medical treatment and expenses, it does not impair any obligation owed under an insurance contract. *Id.* at 487, 619 A.2d at 783 n. 5 ("Section 1797(b) has been interpreted to allow for an appeal to a court of law if an insured or provider disagrees with the determination of a PRO and reconsideration is denied. Thus, the PRO process does not impair any obligation; it merely changes the procedure for challenging the medical treatment and expenses.") (citing *Elliott v. State Farm Mutual Automobile Insurance Co.*, 786 F.Supp. 487 (E.D.Pa.1992); *Danton v. State Farm Mutual Insurance Co.*, 769 F.Supp. 174 (E.D.Pa.1991)). Accordingly, section 1797(b) applies to disputes relating to medical services rendered on or after April 15, 1990, regardless of when the underlying insurance contract was entered into. Since appellant did not pursue reconsideration of the peer review organization's finding that medical treatment was unnecessary as required by 75 Pa.C.S. § 1797(b), its claim was properly dismissed. We therefore affirm the order of the trial court.

Order affirmed.